*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    519364
_____

In the Matter of DARRYL
    SHELTON,
                    Petitioner,

          v                               MEMORANDUM AND JUDGMENT

COMMISSIONER OF DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____


        Darryl Shelton, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding
challenging a tier III disciplinary determination finding him
guilty of violating two prison disciplinary rules.  The Attorney
General has advised this Court that the disciplinary
determination at issue has been administratively reversed, all
references thereto have been expunged from petitioner's
institutional record and the mandatory surcharge has been
refunded to him, and requests that the proceeding be dismissed as
moot.  Although petitioner opposes respondent's request to the

extent that he seeks to be returned to the correctional facility where he was housed prior to the disciplinary determination, "inmates have no constitutional or statutory right to their prior housing status" (Matter of Hernandez v Goord, 279 AD2d 919, 919 [2001] [internal quotation marks and citation omitted]; see Matter of Foley v Fischer, 79 AD3d 1488, 1488 [2010]).  We do note, however, that the loss of good time incurred by petitioner as a result of the determination should be restored (see Matter of Hayes v Annucci, 122 AD3d 992, 992 [2014]).  Otherwise, petitioner has been afforded all the relief to which he is entitled and the petition is dismissed as moot (see Matter of Bank v Racette, 122 AD3d 991, 992 [2014]).

Peters, P.J., McCarthy, Rose and Clark, JJ., concur.


ADJUDGED that the petition is dismissed, as moot, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court